**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-2584

UNITED STATES,

Appellee,

v.

SABARIAN TABA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Lipez, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge.

Lawrence A. Vogelman and Nixon, Raiche, Vogelman Barry & Slawsky, P.A., on brief for appellant.
William D. Weinreb, Assistant United States Attorney, and Michael J. Sullivan, United States Attorney, on motion for summary disposition.

June 27, 2008

**Per Curiam**.   Pending before the court is the government's motion for summary disposition.  Following a bench trial, Sabarian Taba was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Moreover, the indictment alleged, and the district court found, that Taba was subject to a 240-month mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A) because the conspiracy involved more than five kilograms of cocaine and Taba was shown to have a prior felony conviction.  He was sentenced to 240 months' imprisonment.  As there are no substantial issues presented by this appeal, we grant the government's motion and summarily affirm the judgment of the district court.

Taba argues that the evidence adduced at trial was insufficient for the district court to determine that Taba was responsible for five kilograms of cocaine as part of the charged conspiracy and, consequently, that the district court erred by finding beyond a reasonable doubt that Taba was eligible for the enhanced penalty under § 841(b)(1)(A).[1]  While we require proof

---

[1]While Taba actually asserts that his conviction should be reversed, even assuming arguendo that Taba's factual arguments are correct, he is not entitled to a reversal of his conviction--Taba confuses criminal liability with sentencing issues. See United States v. Yeje-Cabrera, 430 F.3d 1, 13 (1st Cir. 2005) (explaining that a defendant may be convicted of drug conspiracy even where the quantity proven at trial is less than that alleged in the indictment).

beyond a reasonable doubt regarding the drug quantity attributable to the conspiracy as a whole to support an enhancement under § 841(b)(1)(A), see United States v. De La Cruz, 514 F.3d 121, 136-37 & n.7 (1st Cir. 2008), determinations regarding the drug quantity attributable to specific conspirators may be made by the sentencing court based on a preponderance standard. See United States v. González-Vélez, 466 F.3d 27, 40-41 (1st Cir. 2006). To the extent that Taba challenges the district court's findings regarding the drugs attributable to the conspiracy as a whole, "[w]e review challenges to the sufficiency of the evidence following bench trials de novo, evaluating whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Meléndez-Torres, 420 F.3d 45, 48-49 (1st Cir. 2005) (citation omitted). In contrast, the court reviews a district court's findings of fact regarding drug quantity during sentencing--i.e., the quantity attributable directly to Taba--for clear error. See United States v. Vázquez-Rivera, 470 F.3d 443, 446 (1st Cir. 2006), cert. denied, 127 S. Ct. 2951 (2007). Although it is somewhat unclear whether Taba challenges the quantity of drugs attributable to the conspiracy as a whole or himself specifically, the same evidence forms the basis for our conclusion in either instance. The government presented ample evidence from which the district court

could conclude, whatever the standard, that more than five kilograms of cocaine were attributable to Taba as part of the charged conspiracy.

We briefly summarize the evidence adduced at trial. First, Taba stipulated that 2,989 grams of cocaine were recovered from his vehicle upon his arrest. Second, Taba admitted to Federal Bureau of Investigation Agent John Woudenberg that he had known Frederick Martineau, a codefendant, for "quite some time," and that he sold him kilogram quantities of cocaine "from time to time on a monthly basis." Taba also confessed to Agent Woudenberg that he typically purchased two kilograms of cocaine per month from his supplier in New York for resale to Martineau or other individuals. Third, in a recorded conversation with another drug dealer, Martineau indicated that his drug distribution relationship with Taba had spanned the course of "many years." Fourth, wiretap evidence suggests at least two prior transactions between Taba and Martineau.

On appeal, Taba argues that two of the kilograms of cocaine found in his vehicle were destined for buyers who were not part of the conspiracy charged in the indictment. "Whether a single conspiracy exists is a question of fact for the [finder of fact]." United States v. Escobar-Fiquero, 454 F.3d 40, 48 (1st Cir. 2006). Our case law makes plain that "[e]ach coconspirator need not know of or have contact with all other members, nor must they know all

of the details of the conspiracy or participate in every act in furtherance of it." Id. (citation omitted). Rather, the finder of fact "may infer an agreement circumstantially by evidence of, inter alia, a common purpose (such as a purpose to sell illicit drugs), overlap of participants, and interdependence of various elements in the overall plan." Id. (citation omitted).

Here, the common purpose of the conspiracy was to distribute cocaine; the different sales involved several of the same participants, i.e., Taba and his own suppliers; and each individual sale was predicated upon the continued flow of cocaine down the same supply chain, demonstrating interdependence. See id. at 48-49; United States v. Rivera-Ruiz, 244 F.3d 263, 268 (1st Cir. 2001); United States v. Portela, 167 F.3d 687, 697 (1st Cir. 1999). Thus, the district court did not clearly err by attributing all of the cocaine discovered in Taba's vehicle at the time of his arrest to his role in the conspiracy alleged by the indictment.

Likewise, the district court did not clearly err by concluding that Taba was responsible for more than five kilograms of cocaine for his role in the conspiracy even if two of the kilograms of cocaine found in his vehicle were attributable to his participation in separate, unindicted conspiracies. A fact-finder may rely on circumstantial evidence in drawing conclusions regarding drug quantity. See United States v. Hall, 434 F.3d 42, 61 (1st Cir. 2006). As detailed above, the evidence adduced at trial revealed

- 5 -

a lengthy, ongoing cocaine distribution relationship between Taba and Martineau.  The district court, as the finder of fact, was entitled to infer that Taba was responsible for more than five kilograms of cocaine as part of the charged conspiracy.

Accordingly, Taba's challenge presents no substantial issues for appellate review and summary disposition is warranted.

<u>Affirmed</u>.